UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PETER THOUSAND,

                Petitioner,

   -vs-

JAMES T. CONWAY, Superintendent

                Respondent.

**DECISION AND ORDER**
**No. 08-CV-6469T**

_____

**I.   Introduction**

*Pro se* petitioner Peter Thousand ("Petitioner") has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered May 26, 2004, in New York State, County Court, Monroe County, convicting him, upon a plea of guilty, of Robbery in the First Degree (N.Y. Penal Law ("Penal Law") § 160.15 [3]), Robbery in the Second Degree (Penal Law § 160.10 [2]), Robbery in the Third Degree (Penal Law § 160.05), and Burglary in the Second Degree (Penal Law § 140.25 [2]).

For the reasons stated below, habeas relief is denied and the petition is dismissed.

**II.  Factual Background and Procedural History**

In late 2003, Petitioner went on a crime spree in Monroe County, committing a multitude of crimes, including various burglaries and car-jackings. Petitioner was subsequently indicted

and charged with twenty-seven crimes.  Petitioner committed some of these crimes while on a furlough release and after having cut off his electronic monitoring device.  See Resp't App. G at 6-16; Arraignment Mins. of 03/05/04 5-6.

Prior to pleading guilty, Petitioner filed an omnibus motion seeking, among other things, suppression of identification testimony as well as certain tangible evidence seized subsequent to Petitioner's arrest.  See Resp't App. 19-53.  In conjunction therewith, the county court granted Petitioner's request for a Wade[1] hearing and denied his request for a probable cause hearing. Motion Minutes of 04/28/04 24.  On April 30, 2004, the county court began conducting a Wade hearing.  See Hr'g Mins. of 04/30/04. Before this hearing was concluded, however, Petitioner voluntarily entered into a plea agreement with the People.  Plea Mins. [P.M.] 7-9.

On May 26, 2004, Petitioner voluntarily pleaded guilty to Robbery in the First Degree, Robbery in the Second Degree, Robbery in the Third Degree, and Burglary in the Second Degree in full satisfaction of the indictment.  P.M. 10-11.  Petitioner was sentenced to twenty-five years imprisonment for the first degree robbery charge, fifteen years for the second degree robbery charge, three and one-half to seven years for the third degree robbery

---

[1] United States v. Wade, 388 U.S. 218 (1967) (due process precludes states from obtaining evidence through unduly suggestive identification procedures).

charge, and fifteen years for the second degree burglary charge. All sentences were set to run concurrently. Sentencing Mins. [S.M.] 14-15.

After his conviction, but before perfecting his direct appeal, Petitioner filed a motion to set aside his conviction and sentence, pursuant to N.Y. Crim. Proc. Law ("C.P.L.") §§ 440.10 and 440.20. See Resp't App. A. The Monroe County Court denied Petitioner's motion on October 4, 2005. See Resp't App. B. Leave to appeal was denied. See Resp't Ex. E.

After the denial of the collateral proceeding, Petitioner perfected his direct appeal in the Appellate Division, Fourth Department ("Fourth Department"). The Fourth Department unanimously affirmed the judgment of conviction on June 8, 2007. People v. Thousand, 41 A.D.3d 1272 (4th Dep't 2007) (Resp't App. K); lv. denied, 9 N.Y.3d 927 (2007) (Resp't App. N).

This habeas corpus petition followed, wherein Petitioner seeks relief on the following grounds: (1) involuntary guilty plea; (2) a Fourth Amendment violation; (3) defective grand jury proceeding; and (4) ineffective assistance of trial counsel. See Pet. ¶ 22A-D (Dkt. # 1); Traverse [Trav.] (Dkt. # 14).

**III. General Principles Applicable to Habeas Review**

    **A.   The AEDPA Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state

prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10. "[A] federal habeas court is not empowered to

grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

**B. Exhaustion**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not

be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995)."

### C. The Adequate and Independent State Ground Doctrine

"It is now axiomatic that 'cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred.'" Dunham v. Travis, 313 F.3d 724, 729 (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)). A habeas corpus petitioner, however, may overcome a procedural default created by the state court's invocation of an "independent and adequate" basis for its decision by (1) showing cause for the default and prejudice attributable thereto, or (2) by demonstrating that a fundamental miscarriage of justice will ensue if the claim is not reviewed by the habeas court. See Harris v. Reed, 489 U.S. 255, 262 (1989) (citing cases). The "fundamental miscarriage of justice" exception requires the petitioner to make a factual showing that he is "actually innocent" of the crime for which he was convicted. See id. It bears noting that "'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

**IV. Petitioner's Claims**

**1. Claim One – Involuntary Guilty Plea**

Petitioner contends that his plea was involuntary because he was suffering from mental illness and was "overmedicated" at the time of the plea. Pet. ¶ 22A. Petitioner raised this claim in his C.P.L. § 440 motion, and the county court denied the claim on procedural grounds. See Resp't App. C at 2. Consequently, the claim is procedurally barred from review by this Court.

A federal court may not review a question of federal law decided by a state court if the state court's decision rested on a state law ground, whether substantive or procedural, that is independent of the federal question and adequate to support the judgment. See Coleman, 501 U.S. at 729. Here, Petitioner's claim was denied on the basis of C.P.L. § 440.10(2)(b), which bars claims that are appealable, pending appeal, or reviewable based on the record. The county court found that Petitioner's claim was "of a nature that would be readily apparent upon the record and, therefore, [sic] should have been raised on direct appeal." Resp't App. C at 2. The court went on to explain that "the purpose of [C.P.L. § 440.10(2)(b)] is to prevent C.P.L. § 440.10 from being employed as a substitute for direct appeal when defendant is in a position to raise an issue on appeal." Id. (citation omitted). Petitioner failed to subsequently pursue this claim on his direct appeal.

The county court expressly denied Petitioner's claim on a state-law procedural ground, specifically C.P.L. § 440.10(2)(b). Section 440.10(2)(b) has been recognized as an "independent and adequate" state procedural ground by courts in this Circuit. See e.g., Hemphill v. Senkowski, 02 Civ. 7093 (DC), 2004 U.S. Dist. LEXIS 7617, *12 (S.D.N.Y. May 3, 2004); Perez v. Hollins, 02 Civ. 6120 (GBD) (JCF), 2004 U.S. Dist. LEXIS 2310, *10 (S.D.N.Y. Feb. 5, 2004); Powell v. Miller, 98-CV-6286 (CJS), 2001 U.S. Dist. LEXIS 21129, *30 (W.D.N.Y. Nov. 5, 2001). Accordingly, the state court's reliance on an independent and adequate state procedural ground to reject Petitioner's claim precludes this Court's review of it.

To overcome the procedural bar, Petitioner would need to show both "cause" for not raising the claim in state court and "prejudice" resulting from the error, or that a "fundamental miscarriage of justice" would result if the claim were not addressed. Coleman, 501 U.S. at 750; Dixon v. Miller, 293 F.3d 74, 80-81 (2d Cir. 2002). Petitioner has not endeavored to make a showing of either. Thus, habeas relief is not available to Petitioner on this claim, and the claim is dismissed.

**2. Claim Two - Fourth Amendment Violation**

Petitioner argues that his conviction was obtained by use of evidence obtained pursuant to an unlawful arrest and that the trial court therefore erred in denying his request for a probable cause hearing. See Pet. ¶ 22B. Petitioner raised this claim on direct

appeal, and the Fourth Department declined to review it, finding that Petitioner's withdrawal of his omnibus motion as part of the guilty plea foreclosed the appellate court's review of the issues raised therein. See Thousand, 41 A.D.3d at 1273. Respondent argues that Petitioner waived his right to federal habeas review of this claim by virtue of the guilty plea and is therefore foreclosed from pursuing it in the instant proceeding. The Court agrees.

As a general proposition, a plea of guilty operates as a "break" in the criminal justice process. By pleading guilty, a defendant usually waives his right to trial and to claims of constitutional defects in the criminal proceedings occurring before the guilty plea." Tollett v. Henderson, 411 U.S. 258 (1973).

C.P.L. § 710.70(2) carves out an exception to the general rule, providing that the right to object to the denial of a suppression motion survives a guilty plea for appellate purposes. However, a defendant can waive his rights under § 710.70(2). For instance, he can withdraw a suppression motion prior to making a guilty plea, and a court may require the withdrawal of such a motion prior to accepting the plea. In such a situation there is no right of appeal with respect to the claims made on the suppression motion. People v. Esajerre, 35 N.Y.2d 463 (1974).

Here, during the plea proceeding, Petitioner withdrew all of his pre-trial motions. P.M. 5. Petitioner's claim has thus been waived by virtue of the guilty plea. See People v. Nesbett, 255

A.D.2d 950, 950 (4th Dept 1998) ("During his plea proceeding, defendant withdrew all prior motions that he had made, thereby waiving his current challenge to County Court's denial of his motion to dismiss the indictment on the ground that he was denied his right to testify before the Grand Jury."); People v. Rodriguez, 245 A.D.2d 316, 316 (2d Dep't 1997) ("The record in this case reveals that during plea negotiations the defendant withdrew all of his pretrial motions. Accordingly, the defendant is foreclosed from challenging on appeal the County Court's denial of those branches of his omnibus motion which were, inter alia, to controvert an eavesdropping warrant, suppress wiretap evidence, produce confidential informants, and change venue."); People v. Capone, 229 A.D.2d 445, 445-56 (2d Dep't 1996) ("At the time he entered his plea of guilty, the defendant expressly agreed to withdraw all motions, both pending and decided. Accordingly, the defendant waived his right to challenge the court's denial of his suppression motions.").

In any event, even assuming Petitioner had not forfeited his right to pursue this issue on habeas review by virtue of the guilty plea, his claim would still be precluded from review by the doctrine set forth in Stone v. Powell, 428 U.S. 465 (1976) ("Where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted

habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.").

Accordingly, Petitioner's claim does not present a grounds for habeas relief, and the claim is dismissed.

### 3. Claim Three - Defective Grand Jury Proceeding

Petitioner claims that he is entitled to federal habeas relief because he was deprived of his right to testify at the grand jury proceeding. See Pet. ¶ 22C. While this claim was not raised in the state court and is thus unexhausted, it may be denied on the merits.[2] See 28 U.S.C. § 2254(b)(2). Because there is no federal constitutional right to a grand jury in a state criminal prosecution, see, e.g., Fields v. Soloff, 920 F.2d 1114, 1118 (2d Cir. 1990), "claims of deficiencies in . . . state grand jury proceedings are [not] cognizable in a habeas corpus proceeding," Lopez v. Riley, 865 F.2d 30, 32 (2d Cir. 1989) (citing United States v. Mechanik, 475 U.S. 66 (1986)). Courts thus dismiss habeas claims based on a failure to accord a defendant his state law right to testify before a grand jury. See, e.g., Burwell v.

---

[2] The Second Circuit has not yet established a standard for denying unexhausted claims under 28 U.S.C. § 2254(b)(2), but all four districts in New York have applied the "patently frivolous" test for dismissing such claims. See, e.g., Love v. Kuhlman, No. 99 Civ. 11063, 2001 U.S. Dist. LEXIS 22572 (S.D.N.Y. Dec. 12, 2001); Cruz v. Artuz, No. 97 Civ. 2508, 2002 U.S. Dist. LEXIS 11150 (E.D.N.Y. June 24, 2002); Toland v. Walsh, No. 02 Civ. 0399, 2008 U.S. Dist. LEXIS 24616 (N.D.N.Y. Mar. 26, 2008); Hammock v. Walker, 224 F. Supp. 2d 544 (W.D.N.Y. 2002). A minority of courts in this Circuit have denied such petitions when they do not raise even a colorable federal claim. See Hernandez v. Lord, No. 00 Civ. 2306, 2000 U.S. Dist. LEXIS 10228 (S.D.N.Y. July 21, 2000) (discussing cases applying this standard) (internal quotation marks omitted). Under either of these standards, Petitioner's claim is meritless.

Superintendent of Fishkill Corr. Facility, 06 Civ. 787 (JFK), 2008 U.S. Dist. LEXIS 52676, *23-4 (S.D.N.Y. July 10, 2008); Dunn v. Sears, 561 F. Supp. 2d 444, 453-4 (S.D.N.Y. 2008); Bulla v. Lempke, 06 Civ. 1156 (JSR) (GWG), 2006 U.S. Dist. LEXIS 59930, *22-3 (S.D.N.Y. Aug. 25, 2006); Brown v. Connell, 04 Civ. 10152 (PAC)(GWG), 2006 U.S. Dist. LEXIS 24514, at *18-20 (S.D.N.Y. Apr. 28, 2006), report and recommendation adopted, 04 Civ. 10152 (PAC)(GWG), 2006 U.S. Dist. LEXIS 45694 (S.D.N.Y. July 5, 2006); Williams v. Ricks, 02 Civ. 2131 (RCC) (RLE), 2004 U.S. Dist. LEXIS 16752, at *16-18 (S.D.N.Y. Aug. 24, 2004).

Accordingly, Petitioner's claim provides no basis for habeas relief and is dismissed.

**4.    Claim Four - Ineffective Assistance of Trial Counsel**

Petitioner asserts that he was deprived of his Sixth Amendment right to the effective assistance of counsel based on counsel's failure to: (1) present Petitioner to testify before the Grand Jury; and (2) request a competency hearing and have Petitioner evaluated in regards to his mental competency. See Pet. ¶ 22D. Petitioner raised this claim in his C.P.L. § 440 motion, and the county court rejected it on the merits. As discussed below, this claim is meritless.

In Strickland v. Washington, 466 U.S. 668 (1984), the Court established a two-part standard for evaluating claims of ineffective assistance. "First, the defendant must show that

counsel's performance was deficient . . . . Second, the defendant must show that the deficient performance prejudiced the defense." Id. at 687. In the first prong of this standard, the defendant must show that the representation fell below "an objective standard of reasonableness." Id. at 688. The second prong requires that the defendant show that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. There is a strong presumption that counsel's conduct falls within the range of reasonable professional assistance. Id. at 689.

In Hill v. Lockhart, 474 U.S. 52 (1985), the Court found that the two-part standard set out in Strickland is applicable to ineffective assistance claims arising out of the plea process. The first prong of the test is the same. The prejudice requirement focuses on whether counsel's unreasonably poor performance affected the outcome of the plea process. To satisfy this requirement, the defendant must show that there is "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 at 59.

**A.  Grand Jury Testimony**

C.P.L. § 190.50 gives a defendant the right to appear as a witness at a grand jury proceeding. In this case, there is evidence in the record that Petitioner wished to testify and communicated this desire to his attorney prior to the grand jury

proceeding. See Resp't App. A (letter of 1/29/04 to Attorney P. MacAulay). Nonetheless, counsel's failure to secure Petitioner's right to testify before the grand jury does not, by itself, establish ineffective assistance of counsel. There are a number of valid, tactical reasons for counsel to have decided that Petitioner, who was facing a twenty-seven count indictment, should not testify before the grand jury. Petitioner does not indicate what evidence he would have presented if he had appeared as a witness. Nonetheless, if Petitioner had testified, he would have exposed himself to potentially harmful cross-examination by the prosecution. In addition, he would have waived the privilege against self-incrimination with regard to any information he volunteered. This would have provided the prosecution with valuable pre-trial discovery, and also gave the prosecution material with which to impeach Petitioner if he proceeded to trial and ultimately testified in his own defense. Accordingly, it was not unreasonable for counsel to decide that testifying before the grand jury was not in Petitioner's best interest.

Moreover, Petitioner has not demonstrated that he was prejudiced by his inability to testify. Considering the amount of evidence the prosecution had against Petitioner, it is highly unlikely that Petitioner would not have been indicted. Therefore, Petitioner has not shown that but for counsel's actions, the outcome of the proceeding would have been different. This portion

of Petitioner's ineffective assistance of counsel claim is dismissed.

**B.  Competency Hearing**

The test of incompetency is whether a defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding--and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402 (1960).

In order to prove that counsel erred in failing to pursue questions of Petitioner's competency, the record must show some evidence indicating that Petitioner's competency was in doubt. See Dennis v. Turner, 729 F. Supp. 15, 17 (S.D.N.Y. 1990) ("Given the absence of any evidence indicating Dennis' competency was in doubt at the time of trial, counsel for Dennis obviously will not be presumed to have represented Dennis deficiently in failing to request a competency hearing. Failing such a showing of 'unprofessional error,' Dennis cannot begin to establish 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'") (quoting Strickland, 466 U.S. at 694 (1984)).  The record before this Court is devoid of such evidence.  Petitioner claims that, *inter alia*, his suicide attempt after his arrest, his refusal to eat after his arrest, and that he was taking various psychotropic medications at the time he was arrested should have alerted counsel

that his competency was in question.  See Pet's Supporting Mem., Point III.  These conditions, however, individually and/or collectively do not necessarily show that Petitioner lacked volitional competency at the time he entered his guilty plea.  To the contrary, the record reflects that Petitioner was both rational and lucid during the plea and sentencing proceedings.  P.M. 4-11; S.M. 2, 5-6, 14;  Dennis, 729 F. Supp. at 17.  Moreover, Petitioner's letters to counsel, which were submitted as part of the record, demonstrate not only mental soundness, but a willingness and ability to meaningfully participate in his case.

There is nothing else in the record that could substantiate a finding of mental incapacity.  Petitioner does attach to the habeas petition a post-conviction letter from his counsel dated January 24, 2005[3] to further substantiate this claim.  See Pet's Mem. (letter of 01/24/05 from Attorney P. MacAulay to P. Thousand). However, contrary to Petitioner's contention, this letter does not conclusively show that Petitioner lacked volitional competency, such that counsel was ineffective for failing to pursue a competency exam.  Rather, this letter simply advised Petitioner that he was free to pursue on appeal any issue he believed would win him a new trial, including the issue of his mental condition at the time of the plea.  In no way does counsel concede or suggest

---

[3] The Court notes that this letter was not included as part of the record.

that this is in fact a meritorious issue. Although counsel states in this letter that, prior to the plea, Petitioner made known to him certain conditions (e.g., that Petitioner was taking medications and sleeping more than normal), counsel also acknowledges that "[he] was careful to monitor [their] conversations to ensure in [his] mind that [Petitioner] [was] understanding what was being said and that [Petitioner's] responses were appropriate to the conversation." Id. Accordingly, Petitioner has not established that counsel's actions fell below a "reasonable" standard or that "but for counsel's errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 688, 694. This portion of Petitioner's ineffective assistance of counsel claim is therefore dismissed.

In sum, the Court finds that the state court's determination of this claim was neither contrary to nor an unreasonable application of settled Supreme Court law. Therefore, Petitioner's ineffective assistance of counsel claim is dismissed in its entirety.

## V. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #1) is denied, and the petition is dismissed. Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), I decline to issue a certificate of

appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: November 29, 2010
Rochester, New York